IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BANK OF THE WEST,<br><br>                  Plaintiff,<br>v.<br><br>NEWELL K. WHITNEY; CONNIE T. WHITNEY; KYLE R. WHITNEY; TANIA W. CLARK; Newell and Connie Whitney, Trustees of THE NEWELL AND CONNIE WHITNEY TRUST; FOX RUN, LLC; NC WHITNEY ALPINE, LLC; NC WHITNEY EQUIPMENT, LLC; FR-1AB, LLC; FR-2AB, LLC; FR-3AB, LLC; FR-4AB, LLC; FR-5AB, LLC; FR-6AB, LLC; FR-7AB, LLC; FR-8AB, LLC; FR-9AB, LLC; FR-10AB, LLC; FR-11AB, LLC; FR-12AB, LLC; FR-AIRLINE, LLC; FR-CCW, LLC; FR-CW, LLC; FR-DORSET, LLC; F.R. MIDRAIL, LLC; FR-SSTAX, LLC; FR-NAUVOO, LLC; FR-EAGLEWOOD, LLC; NC WHITNEY, LTD; FR-CASTLE, LLC; FR-CW LOTS, LLC; CENTRAL PROPERTY MANAGEMENT, LLC; AND NKW, LLC,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 59(e) MOTIONS TO AMEND AND DENYING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES<br><br><br>Case No. 2:17-CV-210 TS<br><br>District Judge Ted Stewart |

        This matter is before the Court on Plaintiff Bank of the West's ("BOTW") Motion to Amend the Court's Dismissal of Claims 3,5,6 & 7 and to Stay the Case Pending a Decision in Case No. 2:15-cv-622 (Motion I) and BOTW's Motion to Amend the Court's Ruling on Standing in Its Memorandum Decision and Order (Motion II). For the reasons discussed below, the Court denies both Motions. In response to Motion II, Defendants request attorneys' fees. The Court denies assessment of the requested fees.

1

I. BACKGROUND

BOTW is a national banking association located in California. BNB Development, LLC ("BNB") executed several promissory notes that were secured by deeds of trust in favor of BOTW, encumbering real property located in Wasatch County, Utah. BNB's obligations under these loan agreements were guaranteed by Newell Whitney, Willie J. Whitney, and Brent D. Butcher. BNB eventually defaulted on the amounts owed, and on September 30, 2010, BOTW filed an action to collect in the Third Judicial District Court of the State of Utah.[1] Two years later, on November 26, 2012, the court entered a final judgment of $2,050,000 in favor of BOTW and against BNB, Newell Whitney, and Willie Whitney.

On August 31, 2015, BOTW filed its first federal lawsuit ("BOTW I") in the United States District Court for the District of Utah to collect on its judgment.[2] BOTW named Newell Whitney, Connie Whitney, and twenty-seven entities as defendants and asserted five claims for relief. BOTW alleged that Newell Whitney had paid nothing toward the judgment and Newell Whitney claimed to own no assets that could be applied as payment.

In November 2016, six months after the deadline for amending the pleadings and adding parties, BOTW moved to amend its complaint, seeking, among other things, to bring additional fraudulent transfer claims and add new defendants. In a Memorandum Decision and Order Denying Motion to Amend, the BOTW I court found:

> Plaintiff should have been aware of the facts that [gave] rise to its proposed Amended Complaint months before it sought leave to amend. Plaintiff has failed to show such neglect was excusable and has failed to offer an adequate explanation for the delay. Indeed the depositions that prompted review of the documents were postponed twice at Plaintiffs request.[3]

---

[1] *Bank of the W. v. BNB Dev., LLC, et al.*, Case No. 100918717 (3d D. Ct. Utah 2010).

[2] *Bank of the W. v. Whitney, et al.*, No. 2:15-cv-622 CW (D. Utah filed Aug. 31, 2015).

[3] *Id.* at Docket No. 122, at 3. The Order also noted that "[f]act discovery ha[d] concluded and the deadline for filing dispositive or potentially dispositive motions [was] fast approaching."

2

The BOTW I court denied the motion, concluding that it would be prejudicial to the defendants to allow leave to amend so late in the case.

BOTW then filed its Complaint in this action, asserting essentially the same claims from its proposed amended complaint in BOTW I. Defendants then filed a Motion to Dismiss and the Court dismissed Plaintiff's first and second claims as impermissible claim-splitting and the remaining claims for lack of standing. The Court found:

> In order for the injury in this case to be fairly traceable to Defendants under claims three through seven, BOTW depends on its allegations of alter ego and reverse veil piercing in claims one and two. However, with the dismissal of BOTW's first two claims, BOTW is left without a fairly traceable causal connection between the injury of Newell Whitney's failure to pay and the remaining defendants. Without this connection, BOTW is unable to impose liability on the remaining defendants through the allegations in claims three through seven. Without the ability to impose liability, BOTW cannot obtain the relief sought.[4]

BOTW has now filed Motions I and II pursuant to Federal Rule of Civil Procedure 59(e).

## II.   STANDARD OF REVIEW

The purpose of a motion to alter or amend a judgment under Rule 59(e) "is to correct manifest errors of law or to present newly discovered evidence."[5] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[6] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts,

---

[4] Docket No. 95, at 11.

[5] *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (internal quotation marks omitted); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence.") (internal quotation marks omitted).

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

3

a party's position, or the controlling law."[7] "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[8]

### III. DISCUSSION

In Motion I, BOTW brought to the Court's attention for the first time the fact that the statute of limitations on claim 3 and claims 5–7 from the Complaint have or will soon expire.[9] BOTW argues that dismissing those claims "effectively barred [BOTW] from ever seeking an adjudication on the merits of its Claims,"[10] and will result in manifest injustice. BOTW requests that the Court reinstate claims 3, 5, 6, and 7 and stay the matter until the resulting trust and alter ego claims in BOTW I are decided. Defendants responded that, "Without standing, this Court has *no* jurisdiction over this case and . . . retains no discretion to stay a case without jurisdiction."[11]

BOTW then filed Motion II, stating that at the time it filed Motion I, "BOTW did not appreciate the significance of the Court's dismissal based on standing: that it deprives the Court of jurisdiction over Claims 3–7 . . . thus disempowering the Court to enter a stay, as sought in BOTW's motion."[12] To address this issue BOTW now argues that the Court should reverse its ruling on standing.

Before addressing BOTW's arguments regarding standing, the Court takes issue with BOTW's use of Motions I and II to advance arguments which were not, but should have been made in the briefing of Defendants' Motion to Dismiss. In their Motion to Dismiss, Defendants

---

[7] *Id.*

[8] *Id.*

[9] Claim 4 is still well within its applicable statute of limitations.

[10] Docket No. 97, at v.

[11] Docket No. 100, at 2.

[12] Docket No. 101, at 3.

4

clearly raised the issue of standing.[13] BOTW failed to respond to that argument and indeed required the filing of a second motion to amend to finally address the issue. It is improper for BOTW to do so now as "[i]t is not appropriate [in a motion to reconsider] . . . to advance arguments that could have been raised in prior briefing."[14]

BOTW argues that it "squarely addressed defendants' argument that dismissal of Claims 1 and 2 resulted in a lack of standing to pursue Claims 3–7, by arguing, to the contrary, that proof of alter ego or resulting trust is necessary to establish the required element that the transferred property is Whitney's property."[15] This statement is not contrary to Defendants' statements since the dismissal of Claims 1 and 2 as impermissible claim-splitting also dismisses the issues of alter ego and resulting trust altogether.

Therefore, BOTW's failure to argue the issue of standing in prior briefing and its dilatory behavior that resulted in the advancement of these new arguments in Motions I and II are sufficient grounds to deny the Motions without further discussion. However, the Court will consider whether there is a need to correct a clear error in its ruling on standing.

A. *Standing*

To establish standing, a plaintiff must prove (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief.[16] Where a party fails to carry its burden of establishing standing, the court must dismiss for lack of jurisdiction.[17]

---

[13] Docket No. 73, at 3.

[14] *Servants of Paraclete*, 204 F.3d at 1012.

[15] Docket No. 105, at 12.

[16] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

[17] *Id.*

5

As stated in the dismissal order, "for the injury in this case to be fairly traceable to Defendants under claims three through seven, BOTW depends on its allegations of alter ego and reverse veil piercing in claims one and two."[18] "The element of traceability requires the plaintiff to show that the defendant is responsible for the injury, rather than some other party not before the court."[19] However, BOTW would have the Court accept its allegations of resulting trust and alter ego as true under the usual Rule 12(b)(6) standard,[20] despite the fact that the Court dismissed the two claims as impermissible claim-splitting.

BOTW looks to *Southern Utah Wilderness Alliance v. Palma* for support. That case held, "When evaluating a plaintiff's standing at the stage of a motion to dismiss on the pleadings, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."[21] BOTW argues, "In short, demonstration that the property transferred and encumbered is Newell Whitney's property is an element of its claims; the fact that BOTW has not proved this yet does not mean that BOTW lacks standing to pursue Claims 3–7."[22] BOTW asks, if BOTW is required to prove resulting

---

[18] Docket No. 95, at 11.

[19] *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013) (quoting *S. Utah Wilderness All. v. Office of Surface Mining Reclamation & Enf't*, 620 F.3d 1227, 1233 (10th Cir. 2010).

[20] When considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), "[a]ll well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citations omitted).

[21] *Palma*, 707 F.3d at 1152 (internal quotation marks omitted); *see also Petrella v. Brownback*, 697 F.3d 1285, 1295 (10th Cir. 2012) ("The standing inquiry, at the motion to dismiss stage, asks only whether the plaintiff has sufficiently alleged a cognizable injury, fairly traceable to the challenged conduct that is likely to be redressed by a favorable judicial decision.").

[22] Docket No. 102, at 7; *see also* Docket No. 105, at 5–6 ("The dismissal of Claims 1 and 2 is not significant to the issue of standing. BOTW was not required to plead Claims 1 and 2

trust and alter ego at the pleadings stage, "then in what other types of cases would claims be barred for lack of standing, when the plaintiff hasn't yet had his day in court to prove some type of 'prerequisite' . . . to establishing liability?"[23]

The problem with BOTW's arguments is that they ignore the fact that the Court's finding of impermissible claim-splitting not only removed Claims 1 and 2 from the case, it removed the issues of resulting trust and alter ego altogether. A finding of impermissible claim-splitting under the doctrine of claim preclusion "prevents 'the parties or their privies from relitigating issues that were or could have been raised in' an earlier action."[24] To dismiss those claims and then accept as true the issues at the core of those claims would undermine the dismissal and would result in the very problems that the doctrine of claim preclusion seeks to avoid.[25] BOTW was not required to prove those issues at the pleading stage, but BOTW is required to meet the elements required to show standing, and without the issues of alter ego and resulting trust, BOTW's injury is not fairly traceable to the defendants in Claims 3–7.

BOTW also argues that the Court's finding was erroneous because "the Court misapprehend[ed] the injuries alleged in BOTW's Complaint."[26] BOTW would have the Court

---

(resulting trust and alter ego) as separate claims for relief in its Complaint. Rather, to properly plead Claims 3–7, BOTW merely needed to allege that Newell Whitney is the alter ego of the Whitney entities – but could have done this by making the allegations as part of each of its Claims 3–7, instead of as separate claims for relief. . . . But BOTW did not need to turn its alter ego allegations and resulting trust allegations into independent causes of action.").

[23] Docket No. 105, at 10.

[24] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000) (quoting *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992), cert. denied, 506 U.S. 832 (1992)).

[25] "By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Zisumbo v. Ogden Reg'l Med. Ctr.*, No. 1:12-CV-91 TS, 2012 WL 4795655, *3 (D. Utah Oct. 9, 2012) (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)).

[26] Docket No. 101, at 6–7.

believe that "[t]he injury suffered by BOTW is *not* Whitney's failure to pay the judgment; rather, BOTW's injuries suffered are set forth in the Complaint and include the fraudulent transfer of funds to family members, and the recording of inflated and artificial mortgages against properties owned by Whitney's companies."[27] With this argument, BOTW alleges that it adequately pleaded a "fairly traceable" connection between BOTW's injuries and the defendants named in claims 3–7.

This argument is without merit. It is clear that the injury to BOTW is its inability to collect on the money owed to BOTW. The claims of fraudulent transfer and the inflated mortgage prices are the alleged means Defendants used to injure BOTW, not the injury itself. Therefore, BOTW is still left without a "fairly traceable" connection between its injury and the defendants named in claims 3–7.

Additionally, in the briefing of the Motion to Dismiss and Motion I, BOTW stated multiple times that, without claims 1 and 2, it lacked standing to pursue the remaining claims. For example, in Motion I BOTW stated, "BOTW timely filed its Claims, and while it does not yet have standing to challenge Whitney's fraudulent transfers . . . because its resulting trust and reverse-piercing claims have not concluded in the First Action, BOTW should not be forever barred from litigating the fraudulent transfer claims."[28] It was not until Defendants pointed out the Court's inability to implement a stay in the case due to its lack of jurisdiction that BOTW

---

[27] *Id.*

[28] Docket No. 97, at 4–5; *see also id.* at 5–6 ("BOTW's claims will be decided by Judge Waddoups at trial. If BOTW prevails on its claims, it will have standing to pursue its Third, Fifth, Sixth, and Seventh Claims for Relief and would then seek to lift the stay and proceed with litigating these claims. If BOTW does not prevail on its resulting trust and reverse-piercing claims, BOTW would lack standing to pursue these Claims and in that event would notify the Court that the case should be dismissed with prejudice."); Docket No. 86, at xv ("a prerequisite to obtaining the relief sought in this action is proving–either under the resulting trust and/or alter ego theories–that Whitney, and the Whitney companies that transferred or encumbered the property at issue here, are one-and-the-same").

8

began arguing that the Court should determine BOTW had standing even without claims 1 and 2. To now argue directly against its previous statements is disingenuous.

For these reasons, the Court finds that its previous ruling was correct and not a result of clear error. With this finding and the previous dismissal, the Court lacks jurisdiction in this action to implement a stay.[29] Further, to the extent that BOTW is asking the Court to exercise its discretion in reversing its ruling and implementing a stay, the Court declines to exercise that discretion. Even if BOTW had standing to pursue Claims 3–7, dismissal without prejudice is the appropriate remedy given the dismissal of Claims 1 and 2 as impermissible claim-splitting.

Finally, In Motion I, BOTW argues that the dismissal of Claims 3–7 "effectively barred [BOTW] from ever seeking an adjudication on the merits of its Claims,"[30] and will result in manifest injustice as the statute of limitations on Claims 3, 5, 6, and 7 have run. The Court does not find that its previous ruling will result in manifest injustice. BOTW had the opportunity to bring its claims but failed to timely do so in BOTW I. The risk of claims being barred by the relevant statute of limitations based on dilatory conduct is a known risk that is not unique to this case. BOTW should have been aware of the consequences of its failure to timely seek amendment to add the claims. Further, while BOTW may not be able to reassert these claims, it still has the opportunity to recover from Defendants in BOTW I should it be successful. Therefore, inasmuch as the law requires enforcement of the statute of limitations and the barring of these claims likely would have been avoided if BOTW timely filed its motion to file an amended complaint in BOTW I, the Court does not find that its previous ruling will result in manifest injustice.

---

[29] Failure to satisfy the requirement of standing "places a dispute outside the reach of the federal courts." *Brown v. Buhman*, 822 F.3d 1151, 1163–64 (10th Cir. 2016).

[30] Docket No. 97, at v.

B. *Attorneys' Fees*

In Defendants' opposition to Motion II, Defendants "request that the court award them reasonable attorneys' fees incurred in opposing both of Plaintiff's motions to reconsider. Such an award is warranted by Plaintiff's bad faith conduct and is appropriate to deter further meritless and bad faith filings by Plaintiff."[31] There are two means by which Defendants argue attorneys' fees can be assessed.

First, under 28 U.S.C. § 1927, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law . . . ; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings was unwarranted."[32]

Defendants argue that the filing of "duplicative lawsuits in various forums" and the filing of "successive meritless motions to reconsider based on arguments that could have and should have been raised previously" warrant the awarding of attorneys' fees under § 1927.[33] While the Court agrees that BOTW made arguments in its motions to reconsider that should have been raised earlier, the Court does not find that BOTW's actions rise to the level of "recklessness" or "indifference to the law" or that they are meant to mislead the court.

Second, "Federal courts possess certain 'inherent powers,' not conferred by rule or statute . . . includ[ing] 'the ability to fashion an appropriate sanction for conduct which abuses the

---

[31] Docket No. 103, at 8

[32] *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005)).

[33] Docket No. 103, at 9.

judicial process.'"[34] Included in these inherent powers is the power a court has to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[35] For example, a court may assess attorneys' fees "when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."[36]

Defendants argue:

> Plaintiff has now continued its pattern of bad faith and harassing filings by filing the First Motion to Reconsider, with respect to which the filing of this Motion is essentially an admission that the First Motion to Reconsider is meritless. Plaintiff has then 'doubled down' by filing this Motion, which makes vague and unsupported arguments, fails to satisfy the narrow legal requirements for filing such a disfavored motion, and takes positions inconsistent with Plaintiff's prior admissions to this Court. Plaintiff and its attorneys need to be deterred from continuing to harass Defendants with duplicative and costly litigation and bad faith filings.[37]

While some of BOTW's actions were dilatory and arguments were advanced that did not hold merit, the Court finds that BOTW's actions have not yet reached the level of bad faith to warrant the assessment of attorneys' fees. BOTW filed this lawsuit to preserve its claims and the motions to reconsider have not delayed this action, disrupted litigation, or hampered enforcement of any court orders. While BOTW has filed multiple motions to reconsider and has filed this action in addition to the action pending before Judge Waddoups, BOTW's efforts seem to fall more on the side of zealous attempts to preserve claims and correct its own errors than bad-faith acts meant to harass Defendants or disrupt litigation. For these reasons, the Court declines assessment of attorneys' fees.

---

[34] *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).

[35] *Chambers*, 501 U.S. at 45–46 (internal quotation marks omitted).

[36] *Id.* at 46 (internal quotation marks omitted).

[37] Docket No. 103, at 10.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff's Bank of the West's Motion to Amend the Court's Dismissal of Claims 3,5,6 & 7 and to Stay the Case Pending a Decision in Case No. 2:15-cv-622 (Docket No. 97) and Plaintiff Bank of the West's Motion to Amend the Court's Ruling on Standing in Its Memorandum Decision and Order (Docket No. 101) are DENIED. Defendants' request for attorneys' fees is also DENIED.

DATED this 5th day of January, 2018.

BY THE COURT:

_____
TED STEWART
United States District Judge